IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

**VICKY J. DYER,**

      Plaintiff,                                  **Case No.**: 12-cv-513

vs.

**ASSET ACCEPTANCE, LLC.,**

      Defendant.

---

## COMPLAINT FOR DAMAGES

---

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff, Vicky J. Dyer, (hereinafter referred to as "Plaintiff" and/or "Ms. Dyer") is a resident of this State, District and Division who is authorized by law to bring this action.

4. Defendant, Asset Acceptance, LLC. is a foreign limited liability company organized and existing under the laws of the State of Delaware (hereinafter said Defendant is referred to as

[1]

Defendant" and/or "Asset Acceptance"). Asset Acceptance's principal office is located at 28405 Van Dyke Avenue, Warren, MI 48093-7132.

5. Asset Acceptance is subject to the jurisdiction and venue of this Court.

6. Asset Acceptance may be served by personal service upon its registered agent, to wit: CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, TN 37929-9710.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

8. Asset Acceptance uses mail in its business.

9. Asset Acceptance uses telephone communications in its business.

10. The primary purpose of Asset Acceptance's business is a Limited Liability Company.

11. Asset Acceptance regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

12. Asset Acceptance is a Limited Liability Company subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Ms. Dyer to a business which is not a party to this litigation, Asset Acceptance communicated with Ms. Dyer in a fashion that violated the Fair Debt Collection Practices Act.

14. On August 1, 2011, Asset Acceptance sent Ms. Dyer a letter collecting on a CITIBANK account ending in 3028, asking for the amount due of $8,303.55 (see attached Exhibit A).

15. On September 1, 2011, Asset Acceptance sent Ms. Dyer a letter collecting on the same CITIBANK account ending in 3028, asking for the amount due of $8,409.47 (see attached Exhibit B).

16. On October 1, 2011, Asset Acceptance sent Ms. Dyer a letter collecting on the same CITIBANK account ending in 3028, asking for the amount due of $8,494.21 (see attached Exhibit C).

17. On January 16, 2012, Asset Acceptance sent Ms. Dyer another letter collecting on the same CITIBANK account ending in 3028, asking for the amount due of $5,275.70 (see attached Exhibit D).

18. Approximately two months later, on March 16, 2012, Asset Acceptance, through its attorney, Mendelson Law Firm, (hereafter referred to as "Mendelson"), sent Ms. Dyer a letter collecting on the same CITIBANK account ending in 3028, asking for the amount due of $5,342.32 (see attached Exhibit E).

19. Ms. Dyer would aver that she has made no payments on said debt that would affect the change in amounts sought against her.

20. Ms. Dyer is confused as to what amount Asset Acceptance is actually pursuing.

21. Ms. Dyer's confusion is exemplified through the fact that the amounts asserted vary wildly from the initial letter seeking the amount of $8,303.55 on August 1, 2011; to its September 1, 2011 letter seeking the amount of $8,409.84; to its October 1, 2011 letter seeking the amount of $8,494.21; to its January 16, 2012 letter seeking the amount of $5,275.70; and the latest letter received on March 16, 2012, wherein Asset Acceptance is seeking a balance of $5,342.32.

22. In these communications to Ms. Dyer, Asset Acceptance violated the Fair Debt

Collection Practices Act.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FIRST VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS IN ATTEMPT TO COLLECT A DEBT

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

- The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

- The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

25. Each written correspondence from Asset Acceptance demanded different amounts from Ms. Dyer. A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a different amount of interest and none of them applied the contractual rate of interest.

26. Ms. Dyer's confusion is exemplified through the facts that the amounts asserted vary wildly from the initial letter seeking the amount of **$8,303.55** on August 1, 2011; to the letter seeking the amount of **$8,409.47** on September 1, 2011; to the letter seeking the amount of **$8,494.26** on October 1, 2011; to the letter seeking the amount of **$5,275.70** on January 16, 2012; and finally to a

[ 4 ]

letter seeking the amount of **$5,342.32** on March 16, 2012. Plaintiff asserts there is a wildly varying amount of interest and/or fees being assessed by Asset Acceptance.

27. Confusion by any consumer should be expected since the balance increased, then decreased, and now appears to be increasing again. The increases that have occurred are at an inconsistent rate of interest and there is no reason for the balance to decrease.

28. Ms. Dyer asserts that she has made no payments on said debt that would affect a change in the amount sought against her.

29. The fact that Asset Acceptance decreased the balance due by **$3,218.51** from their October 1, 2011 letter to their January 16, 2012 letter, in spite of the passing of an additional amount of time and no payments being made, further demonstrates Asset Acceptance's inability to determine the correct balance owed.

30. By attempting to collect varying unknown and unauthorized interest amounts through false and deceptive communications, Asset Acceptance has confused Ms. Dyer as to what amount of money she owes on this account and the legal status of the account.

31. Ms. Dyer is confused as to what amount Asset Acceptance is actually demanding from her.

32. Ms. Dyer asserts that the constantly changing balance asserted by Asset Acceptance demonstrates that they have no knowledge of the correct amount owed, if any. Further, Asset Acceptance is making an attempt to keep her confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

# SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA also include, but are not limited to, the following:

- The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

34. Upon information and belief, Ms. Dyer asserts that Asset Acceptance has not applied the applicable contractual rate of interest for her defaulted Citibank account.

35. Asset Acceptance's collection of varying amounts, which increase, then decrease, only to increase again, are collection attempts for amounts not expressly authorized by the agreement.

36. Ms. Dyer asserts that the amounts demanded from Defendant accrue interest or fees at an incalculable rate, and thus are demanding amounts not authorized under the agreement or by law.

37. Asset Acceptance has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law by asserting balances that varied substantially in each of the collection attempts.

38. Asset Acceptance has specifically assessed an inconsistent rate of interest, fees or charges on each collection letter.

39. As a result of Asset Acceptance's actions, Ms. Dyer is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted on this, the 1st day of October, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868

[ 7 ]